IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENRIQUE CARLOS MONTOYA,

        Petitioner,

vs.                                                                                       CIVIL NO. 99-280 LH/LFG

WILFRED ROMERO, Warden, Santa
Fe County Correctional Facility; and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

        Respondents.

## MEMORANDUM AND ORDER DENYING SECOND MOTION
## OF DISQUALIFICATION, BUT VOLUNTARILY RECUSING

THIS MATTER is before the Court on Petitioner, Enrique Carlos Montoya's ("Montoya") Second Motion of Disqualification [Doc. 18].

On May 3, 1999, I entered an order denying Montoya's first motion to disqualify. The basis of Montoya's request was twofold. First, the judge who entered the order resulting in Montoya's incarceration is the Honorable Art Encinias, a state district judge in the First Judicial District. Montoya correctly notes that Judge Encinias and I were high school classmates from 1962 through 1965.[1] Nothing in that association compels a recusal.

The second basis of the request for recusal is Montoya's allegation is that he, too, was a St. Michael's student in 1965. If that is the case, and with no disrespect intended, I was simply unable

---

[1] This statement is partially correct. I was a student at Immaculate Heart of Mary Seminary from my freshman year to the completion of the first quarter of my senior year, when I transferred to St. Michael's High School in Santa Fe. This occurred in school year 1964-65. Art Encinias was indeed a senior at St. Michael's High School when I transferred. Thus, we were classmates for a portion of my senior year.

to recall Montoya as a classmate; and, thus, even if we were classmates thirty-four years ago, nothing in that relationship would interfere with the fair and impartial exercise of my judgment.

The code of conduct for judges provides that a judge should perform the duties of the office impartially and diligently. This obligation imposes a responsibility on a judge to hear and decide matters assigned, unless the judge is disqualified. Just as a judge has a responsibility to diligently discharge the judge's responsibilities relating to cases assigned, a judge has a corresponding responsibility to disqualify himself or herself in instances where there exists a statutory responsibility to disqualify or, alternatively, where the judge's impartiality might reasonably be questioned.

The code of conduct requires that a judge disqualify when:

(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings;

(b) the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness;

(c) the judge knows that, individually or as a fiduciary, the judge or judge's spouse or minor child residing in the judge's household has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding;

(d) the judge or judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person:

(i) is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) is acting as a lawyer in the proceeding;

(iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or

(iv) is to the judge's knowledge likely to be a material witness in the proceeding.

(e) the judge has served in governmental employment and, in such capacity, participated as counsel, adviser, or material witness concerning the proceeding or has expressed an opinion concerning the merits of the particular case in controversy.

None of these provisions are applicable here. Judge Encinias is not a party to this proceeding, and I have no personal bias or prejudice concerning Montoya, nor do I have any knowledge of any disputed issue of fact concerning his claims. I did not serve as a lawyer in the matter in controversy, nor, for that matter, have any of my former partners. I have no financial interest that would be affected by Montoya's litigation, nor does any member of my family. Neither I, nor any member of my family, is related by blood or marriage to any party, lawyer or witness in the proceeding, and I am not a witness in this litigation. I've not given legal advice to any party in this lawsuit, nor have I expressed an opinion concerning the merits of the case pending.

Because I found no basis for recusal, I declined Montoya's first motion to disqualify, and as noted, on May 3, 1999, I entered an order denying his request.

Subsequently, Montoya submitted an ex parte letter to the Honorable C. LeRoy Hansen, the district judge assigned to this case and requested that Judge Hansen intervene in Montoya's renewed request for disqualification. This letter was liberally construed as a motion for reconsideration.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Rather, when a court has misconstrued or misapprehended the facts, or misapplied the law, relief may properly be granted pursuant to Rule 59 and 60. Montoya did not demonstrate how, if at all, the law

3

was misapplied or the facts misunderstood. Therefore, reconsideration was not warranted.

On May 11, 1999, Montoya submitted a Second Motion of Disqualification [Doc. 18]. In this motion, Montoya now recites:

> When petitioner attempted to hire, then attorney, Lorenzo Garcia, on more than one occasion, petitioner was denied representation, even though they had gone to high school together, nor had petitioner ever mistreated, said a bad word, or been anything but cordial and respectful, as today, towards the Honorable Magistrate Judge Lorenzo Garcia.

This assertion has caused concern. As previously indicated, I have been unable to recall Enrique Carlos Montoya as a classmate, much less as a prospective law client. Because I cannot place the name with a face, I am unable to confirm or refute the allegation that Montoya sought legal services from me, apparently, prior to 1978, when I first was appointed to the First Judicial District Court. This contention, if true, is far more significant than the statement that we were classmates thirty-four years ago. However, because I find no statutory basis for disqualification, I decline to grant Montoya's motion and, therefore, deny his Second Motion for Disqualification.

Having denied the motion, however, I now have a concern that if at some time in my legal career, Montoya sought legal advice from me and I declined to represent him, that I must have had some significant reason for this decision. Moreover, when I see Montoya in court and am able to associate the name with a face, it may well be that my memory is jogged and I recall either our association as students or some legal issue that may have been discussed, and, then, I might feel compelled to withdraw. A withdrawal at that stage would delay the proceedings and might well work to the parties' disadvantage. To avoid that potential, I now determine to voluntarily withdraw from this litigation and will enter a notice of recusal.

_____
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PETITIONER:
Ann Steinmetz, Esq.

ATTORNEY FOR RESPONDENTS:
Ann M. Harvey, Esq.